UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| LINDA D. ROBINSON,, <br><br> Plaintiff, <br><br> v. <br><br> SYNERPRISE CONSULTING SERVICES, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 7:22-cv-00032 <br><br> DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes LINDA D. ROBINSON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SYNERPRISE CONSULTING SERVICES, INC. ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code. Ann. § 392 *et seq.* for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

### PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Midland, Texas, which lies within the Western District of Texas.

5. Defendant is a third party debt collector that primarily services the healthcare industry.[1] Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 5651 Broadmoor Street, Mission, Kansas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. Plaintiff received medical services from Midland Memorial Hospital in approximately July 2020, which resulted in a purported obligation ("subject debt") said to be owed by Plaintiff to Midland Emergency Management ("MEM").

8. The subject debt was associated with an MEM account number ending in 2028.

9. On May 5, 2021, Plaintiff filed for Chapter 7 Bankruptcy in this district, Case Number 21-70078 ("bankruptcy").

10. Schedule E/F of the bankruptcy petition contained the subject debt and associated account number, and further listed MEM as an entity to be provided notice – and who subsequently was provided noticed by the Bankruptcy Noticing Center ("BNC").

---

[1] https://www.synerpriseconsulting.com/

11. On August 19, 2021, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including the subject debt, similarly notifying all creditors.

12. However, MEM nevertheless treated the subject debt as if it were in default, and subsequently placed the subject debt with Defendant for collection purposes.

13. Defendant subsequently began sending letters to Plaintiff seeking to collect the subject debt, despite the subject debt having already been discharged in bankruptcy.

14. Plaintiff became significantly confused and distressed as a result of Defendant's conduct in seeking to collect a discharged debt, as she was led to believe that her bankruptcy had no legal effect. Plaintiff similarly had her privacy invaded and was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt.

15. Frustrated over Defendant's conduct and concerned about the protections afforded her bankruptcy discharge, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff repeats and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

18. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

19. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

20. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692e**

21. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

23. Defendant violated §1692e, e(2), and e(10) when it deceptively attempted to collect upon the subject consumer debt which, by virtue of Plaintiff's bankruptcy discharge, could not be collected. By law, Defendant, and anyone else, was lawfully precluded from being able to collect the subject consumer debt following Plaintiff's discharge thereon. Nevertheless, Defendant, through its sending of collection letters attempting to collect upon the debt from Plaintiff *after* the subject debt was discharged in bankruptcy, engaged in false, deceptive, and misleading conduct in connection with its efforts to collect a debt from Plaintiff. Defendant's suggestions that the subject debt was due and owing, when it was not, is an inherently false representation as to the character, amount, and legal status of the subject debt.

   b. **Violations of FDCPA § 1692f**

24. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." It similarly precludes:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is

4

expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

25. Defendant violated §§ 1692f and 1692f(1) by attempting to collect a debt that it could not lawfully collect. As discussed above, the right to collect the subject debt was extinguished by virtue of Plaintiff's bankruptcy and the corresponding discharge. Thereafter Defendant engaged in repeated attempts to collect upon a debt in an unfair manner, including attempting to collect an amount that would not be permitted by law, in violation of the above referenced portions of the FDCPA.

WHEREFORE, Plaintiff, LINDA D. ROBINSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

28. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

29. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

30. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), broadly prohibits a debt collector from using any "false representation or deceptive means to collect a debt . . . ."

31. Defendant violated the above referenced portion of the TDCA through its deceptive and misleading representations regarding Plaintiff's obligation on the subject debt. Defendant represented to Plaintiff that the subject debt was due and owing; however, it was not.

WHEREFORE, Plaintiff, LINDA D. ROBINSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

Awarding any other relief as this Honorable Court deems just and appropriate

Dated: February 17, 2022

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200

Lombard, Illinois 60148<br>
(630) 568-3056 (phone)<br>
(630) 575-8188 (fax)<br>
nvolheim@sulaimanlaw.com